**STATE ex rel. James EGAN, Doing Business as Egan Motor Company, Appellant,**

**v.**

**PUBLIC SERVICE COMMISSION of Missouri, Respondent.**

No. 22844.

Kansas City Court of Appeals.

Missouri.

Jan. 12, 1959.

Sam W. James, Jr., Jefferson City, for appellant.

Glenn D. Evans, Thomas J. Downey, Jefferson City, for respondent.

SPERRY, Commissioner.

Ray Adams and Harrell R. Smith, d/b/a Ray's Auto and Truck Service, hereafter

referred to as applicant, applied to the Public Service Commission, respondent herein, for a certificate to operate a wrecker service as a common carrier. The matter was duly set for hearing before respondent and applicant presented testimony. James Egan, d/b/a Egan Motor Service, relator herein, appeared, formally opposed the issuance of the certificate, and offered evidence.

Respondent granted the certificate and overruled relator's motion for rehearing. Relator then sought and obtained a review in the Circuit Court. From a judgment affirming the award this appeal is prosecuted.

In the hearing before the Commission, Ray Adams testified to the effect that he and Mr. Smith, partners, had been in business for about a year, in Waynesville, as truck dealers for the International Harvester Company; that they also do a general garage and motor repair business; and that they also operate a wrecker service, for the purpose of conveying wrecked motor vehicles from the place of the wreck to their place of business and occasionally from and to other points in the area; that they operate two "wrecker" trucks, own their garage and wrecker equipment, and have finances with which to carry on their business.

The record discloses that Fort Leonard Wood is located within a few miles of Waynesville; that from 25,000 to 40,000 troops are regularly stationed there; that Highway 66 traverses the area, passing through Waynesville; that a very large number of motor vehicles become disabled, for various reasons, in that vicinity; that there are some ten or eleven operators engaged in rendering wrecker service in the vicinity, but that only relator was certificated by the Commission; that there is keen competition among the various parties engaged in that business; that sometimes as many as five or six wreckers will arrive simultaneously at the scene of a wreck, all unbidden, and that the respective operators engage in altercations as to which

shall take the wrecked vehicle; that some operators are unscrupulous as to charges, and some are not averse to actually stealing the property and effects of the unfortunate victims of the hazards of the road; that most are not bonded, nor are they licensed by respondent and are not subject to any regulation or control by any authority.

Applicant offered the testimony of a field adjuster for an Insurance Company, who testified that the services of relator were entirely satisfactory but that he believed there should be other certificated operators, including applicant, in that vicinity; that, in his judgment, considering the available business of that character, there should be as many as four such certificated operators; that his company would use applicant's services, but would also use the Egan services, if the application should be granted; that relator's facilities were good, but that they were not sufficient to adequately handle all of the wrecker service needed in the community.

Mr. Bentzen, motor truck manager for International Harvester, testified to the effect that his company would use applicant's services and that the agency which transports its products in that area would also use such services if same were made available.

Relator, James Egan, his son and partner, Milford Egan, and Mr. Wilson, an employee, testified as to the type of equipment and services rendered by relator. Suffice it to say, in that regard, that relator has a fine business in that community, is fully equipped to render service, and has a well-earned reputation for prompt, efficient, and honest service. The testimony of these witnesses was to the effect that relator was doing about 90% of the wrecker business in that community and that, if applicant made a success of the business as a certificated operator, it must do so at a cost to relator in a proportionate loss of its business.

It appears from the record that any operator of a business may also operate a wrecker service in connection with such business, without first obtaining a certificate from the Commission. However, one who transports wrecked vehicles which are the property of others, from one point to another, not in connection with his own chief business, is required to be certificated by the Commission. It also appears from the record that at least some business of the latter type was being done by uncertificated operators in the area. How much loss of business of that character that relator was then sustaining was not shown.

Based on the evidence, respondent made and entered the following conclusions: "Considering the number of automobiles which the facts show are being operated in the Waynesville area, and the fact that one of the principal U. S. Highways (No. 66) runs through said area, is convincing evidence that there will be a great demand for towing cars. The evidence shows that the protestant has been authorized to render tow truck service in this same area. Section 390.015(5) provides that the issuance of a certificate to one carrier shall not prohibit the granting of such certificate to another carrier if, in the opinion of the Commission, public convenience and necessity will be promoted by so doing. Considering the type of business to be performed in the territory involved, it is the opinion of the Commission that public convenience and necessity will be promoted by having more than one carrier authorized to render tow truck service. In arriving at such conclusion, the Commission has given due consideration to the service being rendered by other certificated carriers."

Section 386.270 RSMo 1949, V.A.M.S., provides that orders of the Commission are *prima facie* reasonable and lawful; and Section 386.430 RSMo 1949, V.A.M.S., provides that the burden of proof to set aside any such order shall rest upon whoever challenges it to show by clear and satisfactory evidence that the order complained of is unreasonable or unlawful.

State ex rel. Shepherd v. Public Service Commission, Mo.App., 142 S.W.2d 346, 347.

■ These sections indicate a legislative intent to vest in the Commission the sole power, under the law, to determine the question of granting such authority as was here granted, in the exercise of its sound discretion. But that power must be exercised within the framework of the governing statutory provisions and it is the duty of this Court, on appeal, to examine the entire record and determine whether or not respondent has exceeded its authority.

In this case the Commission found that, because of the volume of wrecker business in the Waynesville area, and the fact that relator was the only certificated operator, public convenience and necessity will be promoted by having more than one carrier authorized to render the service.

■ It is the law that, on review of an order of the Commission, we are limited to a determination of whether the Commission could reasonably have made its findings and reached its result upon consideration of all of the evidence before it; and we can set aside a decision or order of the Commission only when it is clearly contrary to the overwhelming weight of the evidence. State ex rel. Denton v. Public Service Commission, Mo.App., 277 S.W.2d 684, 685.

■ The findings and order herein made were and are supported by the evidence, and the Commission had the power, within its discretion, to order the certificate to issue.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.